## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOG & BONE HOLDINGS PTY LTD., an Australian corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOKĒ LLC, a Utah limited liability company; and FŪZ DESIGNS LLC, a Utah limited liability company,<br><br>Defendants. | Case No.:  16-CV-3932<br><br>Judge P. Kevin Castel<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER, DEFENSES AND COUNTERCLAIMS

Defendants and Counterclaimants Nokē LLC ("Nokē") and Fūz Designs LLC ("Fūz") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed by plaintiff Dog & Bone Holdings Pty Ltd. ("Plaintiff" or "Dog & Bone").  For ease of reference, the paragraph numbering and headings herein track those of the Complaint. Insofar as the Complaint contains allegations or inferences, whether direct or indirect, that are not specifically admitted herein, they are denied.

## NATURE OF THE ACTION

1.      The allegations contained in paragraph 1 of the Complaint are conclusions of law, to which no response is required.  To the extent a further response is required, Defendants admit that the Complaint purports to state claims for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 100 et seq. and claims of false advertising under the Lanham Act, Title 15 U.S.C. §§ 1051 et seq.  Defendants lack personal knowledge or

information sufficient to form a belief as to the truth of the Plaintiff's remaining assertions, and therefore deny them.

## PARTIES

2.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, deny them.

3.      Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

## SINGLE ACTION

5.      The allegations that this suit is commenced in a single action pursuant to 35 U.S.C. § 299 is a conclusion of law, to which no response is required.    To the extent a further response is required to this allegation, Defendants admit that the complaint purports to commence a single action pursuant to 35 U.S.C. § 299. Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      The allegations contained in paragraph 7 of the Complaint are conclusions of law, to which no response is required.  To the extent a further response is required, Defendants admit that the Complaint purports to state claims for patent infringement arising under the patent laws of the United States, and that subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Defendants admit that this Court has personal jurisdiction over the Defendants. Defendants deny the allegations contained in paragraphs 8(i) and 8(ii).  Defendants admit that

86925726.1 0048858-00018

Nokē has sold Nokē products through B&H Stores.  Defendants deny any remaining allegations contained in paragraph 8 of the Complaint.

9.      In response to the allegations contained in paragraph 9 of the Complaint, Defendants admit that venue for this action is proper in this Court.  Defendants deny any remaining allegations contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore, deny them.

11.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, deny them.

12.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore, deny them.

13.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore, deny them.

14.      Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore, deny them.

15.      In response to the allegations contained in paragraph 15, Defendants admit that a Kickstarter campaign was launched for the Nokē Padlock on August 18, 2014.  Defendants deny any remaining allegations contained in paragraph 15 of the Complaint.

16.     In response to the allegations contained in paragraph 16, Defendants admit that

Nokē LLC was registered as a limited liability company in the state of Utah on or about July 23,

2015.  Defendants deny any remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that U.S. Patent No. 9,109,379 ("the '379 Patent")  issued on

August 18, 2015, and bears the title "Keyless Padlock, System and Method of Use."  Defendants

lack personal knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 18, and therefore, deny them.

19.     The allegations relating to what the claims of the '379 patent are directed toward

are conclusion of laws, to which no response is required.  To the extent a further response is

required, Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that the reproduction of independent claim 1 of the '379 Patent

is accurate.  The allegation that claim 1 is an example of the allegations made in paragraph 20 is

a conclusion of law, to which no response is required.  To the extent a further response is

required, Defendants deny any remaining allegations contained in paragraph 20 of the

Complaint.

21.     The allegations relating to what the claims of the '379 patent are directed are

conclusion of laws, to which no response is required.  To the extent a further response is

required, Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     The allegations relating to what the claims of the '379 patent are directed are

conclusion of laws, to which no response is required.  To the extent a further response is

required, Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.   .

86925726.1 0048858-00018

24.     The allegations in paragraph 24 are directed to conclusions of law, to which no response is required.  To the extent a further response is required, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore, deny them.

25.     Defendants admit that the Nokē Padlock utilizes a Bluetooth protocol to communicate with a smartphone.  Defendants admit that Nokē provides an application that can be run on a smartphone.  To the extent a further response is required, Defendants deny any remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     In response to the allegations in paragraph 29, Defendants admit to having a knowledge of the '379 Patent in early 2016.  As to the remaining allegations, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore, deny them.

30.     In response to the allegations contained in paragraph 30 of the Complaint, Defendants admit that Nokē had a display booth at CES 2016.  As to the remaining allegations, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, and therefore, deny them.

31.     In response to the allegations contained in paragraph 31 of the Complaint, Defendants admit that Nokē was aware of Dog & Bone's display booth for a Bluetooth-enabled padlock.  As to the remaining allegations, Defendants lack personal knowledge or information

86925726.1 0048858-00018

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint, and therefore, deny them.

32.     Defendants admit the allegations in paragraph 32 of the Complaint.

33.     In response to the allegations contained in paragraph 33 of the Complaint, Defendants admit that Dog & Bone filed the '379 Patent on August 12, 2014.  Defendants also admit that Nokē promoted the Nokē Padlock as "Noke: The World's First Bluetooth Padlock" on Nokē's Kickstarter campaign.  Defendants deny any remaining allegations in paragraph 33 of the Complaint.

34.     Defendants admit that the Nokē Padlock won the 13th Annual Innovation Awards in the Outdoor and Consumer Products category.  Defendants deny any remaining allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and therefore, deny them.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

86925726.1 0048858-00018

## COUNT ONE

39.     Defendants reassert and incorporate by reference its responses to paragraphs 1-38 of the Complaint, inclusive, as though fully set forth herein.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit that they do not have a license to the '379 Patent.  Defendants deny any remaining allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegation of infringement.  Defendants deny the allegation that Defendants have caused and will continue to cause damage to Dog & Bone.  Defendants deny the allegation that Dog & Bone is entitled to recover damages.  With regard to any remaining allegations in paragraph 44 of the Complaint, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, deny them.

45.     Defendants admit pre-suit knowledge of the '379 Patent.  Defendants deny the remaining allegations of paragraph 45 of the Complaint.

## COUNT TWO

46.     Defendants reassert and incorporate by reference its responses to paragraphs 1-45 of the Complaint, inclusive, as though fully set forth herein.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegation of infringement.  Defendants deny the allegation that Defendants have caused and will continue to cause harm to Dog & Bone.  With regard to any remaining allegations in paragraph 49 of the Complaint, Defendants lack personal

86925726.1 0048858-00018

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, deny them.

50.      Defendants deny the allegation of infringement.  Defendants deny the allegation that Defendants have caused and will continue to damage to Dog & Bone.  Defendants deny the allegation that Dog & Bone is entitled to recover damages.  With regard to any remaining allegations in paragraph 50 of the Complaint, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, deny them.

51.      Defendants admit pre-suit knowledge of the '379 Patent.  Defendants deny the remaining allegations of paragraph 51 of the Complaint.

## COUNT THREE

52.      Defendants reassert and incorporate by reference its responses to paragraphs 1-51 of the Complaint, inclusive, as though fully set forth herein.

53.      Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.      Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.      Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.      Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.      Defendants deny the allegation of false and misleading advertising.  Defendants deny the allegation that Defendants have caused and will continue to cause harm to Dog & Bone. With regard to any remaining allegations in paragraph 57 of the Complaint, Defendants lack personal knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, deny them.

58.      Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.      Defendants deny the allegations contained in paragraph 59 of the Complaint.

86925726.1 0048858-00018

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference herein each and every one of their affirmative allegation above.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or subject matter jurisdiction to assert the causes of action asserted in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendants have not infringed any claim of the '379 Patent directly, contributorily, or by inducement because, among other things, the Nokē Padlock lacks one or more elements required by each claim of the '379 Patent under an appropriate claim construction.

### FOURTH AFFIRMATIVE DEFENSE

All asserted claims of the '379 Patent are invalid pursuant to 35 U.S.C. §§ 102, 103, 112, and/or 116, including because the claims of the '379 Patent are anticipated by or obvious in light of the prior art, including, but not limited to, for example, individually or in combination: the TEO Kickstarter campaign launched on January 6, 2014; the prior art references cited during prosecution of the '379 Patent; and the references listed on the face of the '379 Patent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are precluded or limited by 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by Plaintiff's own fault, nonfeasance, and malfeasance arising out of their acts and omissions.

86925726.1 0048858-00018

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, such damages are barred or limited by Plaintiff's failure to timely mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, and ratification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages because Defendants have not engaged in conduct that meets the applicable standard for willful infringement.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief, including because Plaintiff has not suffered any immediate or irreparable injury.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants have not made a false or misleading statement of fact in a commercial advertisement about a product.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants have not made a statement that has deceived or had the capacity to deceive potential customers.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have not made a deceptive statement that is material or likely to influence consumer purchasing decisions.

86925726.1 0048858-00018

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been injured by any false or misleading statement made by any Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' statements alleged by Plaintiffs to be misleading or false regarding the Nokē Padlock is not deceptive or false, or alternatively amounts to mere puffery.

Defendants reserve the right to assert additional and revised defenses discovered and developed during the pendency of this action.

## <u>COUNTERCLAIMS</u>

Counterclaimants Nokē LLC ("Nokē") and Fūz Designs LLC ("Fūz") (collectively, "Counterclaimants"), as and for their counterclaims against counterclaim-defendant Dog & Bone Holdings Pty Ltd. (" Dog & Bone" or "Counterclaim-defendant") allege as follows:

## <u>PARTIES</u>

1.      This is an action for declaratory judgment pursuant to the patent laws of the United States.

2.      Nokē is a limited liability company organized under the laws of the State of Utah with its principal place of business located in South Jordan, Utah.

3.      Fūz is a limited liability company organized under the laws of the State of Utah with its principal place of business located in South Jordan, Utah.

4.      Upon information and belief, Dog & Bone is a corporation organized under the laws of Australia with its principle place of business at 6/39 Jeays Street, Bowen Hills, QLD 4006, Australia.

## JURISDICTION AND VENUE

5.      These counterclaims are brought under the Declaratory Judgment Act, pursuant to 28 U.S.C. §§ 2201 and 2202, seeking adjudication that the U.S. Patent No. 9,109,379 ("the '379 Patent") are not infringed and/or are invalid.

6.      The Court has personal jurisdiction over Counterclaim-defendant by virtue of its having filed this action in this judicial district.  The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) and because Counterclaim-defendant brought the underlying action for alleged infringement of the '379 Patent by Counterclaimants in this judicial district.

## ACTUAL CASE AND CONTROVERSY

8.      Dog & Bone has alleged that it owns all right title and interest in the '379 Patent.

9.      Dog & Bone has charged Counterclaimants with infringement of the '379 Patent in this action.  Counterclaimants deny those allegations.

10.     There is a substantial, justiciable, and continuing controversy between the parties as to the non-infringement and invalidity of the '379 Patent.

11.     Counterclaimants and the public interest will be damaged by the charges of infringement and irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

86925726.1 0048858-00018

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### ('379 PATENT)

12.     Counterclaimants reassert and incorporate by reference the allegations in the above paragraphs as though fully set forth herein.

13.     Counterclaimants have not made, used, sold, offered for sale, or imported into the United States any product or practiced any method that infringes any claim of the '379 Patent. The Nokē Padlock does not infringe any claim of the '097 Patent directly, contributorily, or by inducement, because, among other things, the Nokē Padlock lacks one or more elements required by each claim of the '379 Patent under an appropriate claim construction.

14.     Counterclaimants have not provided, sold, or supplied any non-staple article or component specially adapted to practice an invention that infringes any claim of the '379 Patent.

15.     Counterclaimants have not taught, aided, or abetted others in practicing an invention that infringes any claim of the '379 Patent.

16.     As a result, Counterclaimants request a declaratory judgment that they have not infringed any claim of the '379 Patent.

## SECOND CAUSE OF ACTION

### DECLARATORY JUDGMENT OF PATENT INVALIDITY
### ('379 PATENT)

17.     Counterclaimants reassert and incorporate by reference the allegations in the above paragraphs as though fully set forth herein.

18.     All claims of the '379 Patent are invalid under the United States patent laws, 35 U.S.C. § 1 *et seq.*, because, among other things, Dog & Bone has failed to meet the requirements for patentability as set forth in, *inter alia*, 35 U.S.C. §§ 102, 103, 112, and/or 116.  Among other

13

grounds for invalidity, all claims of the '379 Patent are anticipated by and/or obvious in light of the prior art, including, but not limited to, for example, individually or in combination: the TEO Kickstarter campaign launched on January 6, 2014; the prior art references cited during prosecution of the '379 Patent; and the references listed on the face of the '379 Patent.

19.     As a result, Counterclaimants request a declaratory judgment that the claims of the '379 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants pray for judgment as follows:

1.     Dismissal of the Complaint with prejudice such that Dog & Bone takes nothing by virtue thereof;

2.     Entry of declaratory judgment that the claims of the '379 Patent are not infringed;

4.     Entry of declaratory judgment that the claims of the '379 Patent are invalid;

5.     Entry of a permanent injunction enjoining Dog & Bone (and its directors, officers, agents, servants, employees, attorneys, and those in active concert or participation with them) from making statements, implications, threats, or claims against Defendants/Counterclaimants (or their directors, officers, agents, servants, employees, attorneys, customers, business partners, and those in active concert or participation with either of them) based on alleged infringement of the '379 Patent;

6.     Entry of an order declaring this case to be an exceptional case;

7.     Ordering Dog & Bone to pay to Defendants/Counterclaimants the costs of defending this action, including but not limited to attorneys' fees and costs as allowed by governing statute, rule, and other legal authority;  and

86925726.1 0048858-00018

8.     Awarding Defendants/Counterclaimants such other and further relief as the Court

deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants/Counterclaimants demand a trial by jury as to all issues so triable.

DATED:  July 1, 2016

DEVORE & DEMARCO LLP


*/s/* Joseph V. DeMarco
Joseph V. DeMarco (JD3499)
David M. Hirschberg (DH2718)
Urvashi Sen (US2602)
99 Park Avenue – Suite 1100
New York, New York 10016
(212) 922-9499


STOEL RIVES LLP
Marc Rasich
Justin K. Flanagan
201 S Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131

Attorneys for Defendants/Counterclaimants
   Fūz Designs LLC and Nokē, LLC

15
